UNITED STATES of America

v.

William R. TIBOLT.

Crim. A. No. 93–30008–WGY.

United States District Court,
D. Massachusetts.

Nov. 4, 1994.

Michael C. Andrews, Brian J. McMenimen, Boudreau, Burke, McMenimen & Barber, Boston, MA, for Frederic W. Berthoff.

Miriam Conrad, Boston, MA, for Albert J. Mello, Jr.

Anthony M. Cardinale, Ronald J. Chisholm, Boston, MA, for William R. Tibolt.

Jody L. Newman, Nancy Gertner, Judy Newman, Dwyer, Collora & Gertner, Michael C. Bourbeau, Boston, MA, for Scott W. Holland.

Scott W. Holland, pro se.

Robert A. George, Robert A. George, PC, Boston, MA, for Thomas S. Cimeno.

James R. Lemire, Christy & Lemire, Holden, MA, for Thomas W. Schifone.

John P. Pucci, U.S. Attorney's Office, Springfield, MA, for U.S.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The defendant, William R. Tibolt ("Tibolt"), moves for a new trial based on this Court's alleged error in denying his motion to suppress evidence. In support of his motion, Tibolt proffers newly discovered evidence that allegedly discredits statements made by a police officer in his affidavit, the search warrant, and at the suppression hearing.

## BACKGROUND

Based on his purchase of a residence at 11 Old Salem Path, Gloucester, Massachusetts, through a series of cash payments totalling $504,000, Tibolt was found guilty by a jury in this Court of money laundering with the intent to evade taxes, in violation of 18 U.S.C. § 1956(a)(1)(A)(ii). The underlying unlawful activities presented at trial included, *inter alia*, evidence of indoor marijuana growing at Tibolt's Old Salem Path residence. This activity came to light during a warrantless search which Tibolt attacked pretrial and now contests again on the basis of new evidence.

On July 27, 1992, Officer Joseph Palazzola ("Palazzola") of the Gloucester Police Department responded to a report of an activated house alarm at 13 Old Salem Path, the residence of Tibolt's neighbor, one Dombrowski. At the hearing on the motion to suppress, Palazzola testified that he went to 11 Old Salem Path, mistakenly thinking it was 13 Old Salem Path. Tibolt's house appeared secure. The rear deck door, however, was unlocked, although closed, and showed no signs of forced entry. After another officer arrived, both checked out every room in the house including the basement, where they observed a marijuana growing operation. The officers then applied for and executed a search warrant.

## ANALYSIS

■ Tibolt first urges this Court to reconsider its allegedly erroneous denial of his motion to suppress on the ground that Palazzola did not have the requisite probable cause and exigent circumstances to justify a warrantless entry and search of Tibolt's residence. *See, e.g., United States v. Erickson,* 991 F.2d 529 (9th Cir.1993) (holding that a warrantless search of a residence by pulling back plastic sheet from open basement window to look into basement lacked probable cause where officers responding to reported burglary did not see any signs of forced entry). However meritorious this legal claim may be, Tibolt did not make his motion for new trial within seven days after being found guilty, or request an extension, as required by Fed.R.Crim.P. 33. This Court is therefore without jurisdiction to consider the motion on any grounds other than newly discovered evidence. *See United States v. Fontanez,* 628 F.2d 687, 691 (1st Cir.1980) (holding that where defendant filed motion for new trial one day late, federal district court had no authority to entertain the motion), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981).

■ Granting a Rule 33 motion based on new evidence is warranted only if

(1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of the defendant.

*United States v. Wright,* 625 F.2d 1017, 1019 (1st Cir.1980). *See also United States v. Ortiz,* 23 F.3d 21, 27 (1st Cir.1994) (affirming the *Wright* test); *United States v. Slade,* 980 F.2d 27, 29 (1st Cir.1992) (same). If any one of these four factors is not met, the motion for new trial should be denied. *United States v. Natanel,* 938 F.2d 302, 313 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992). The Court can also grant a new trial if the "testimony at trial was deliberately false," and "without the false testimony the jury '*might* have reached a different conclusion.'" *Id.* at 313 (emphasis in original).

■ On July 20, 1994, as part of a collateral state prosecution, defense counsel obtained an order permitting access to the records of the Gloucester Police Department detailing their presence at 13 Old Salem Path. Pursu-

ant to that order, Tibolt obtained and has now submitted copies of incident reports reflecting some fourteen visits by the Gloucester police to the Dombrowski residence at 13 Old Salem Path between 1986 and 1991 in response to repeated house alarm reports. One such report reveals that Palazzola went to the Dombrowski residence on July 8, 1990.[1] Affidavit of Counsel in Support of Defendant's Motion for New Trial ("Affidavit of Counsel") at Ex. B2. Tibolt thus argues that this new evidence is sufficient to wholly undermine the credibility of Palazzola's testimony at the suppression hearing that he made a "good faith" mistake in checking out the Tibolt residence rather than the Dombrowski residence and that he had never checked out a Dombrowski false alarm. Tibolt points out that the police department generally and Palazzola in particular were evidently well aware of the location of the Dombrowski residence.

Tibolt reads too much into these police reports. The fact that Palazzola neglected to mention an apparently routine call to the Dombrowski residence which occurred two years prior to the search and three years before the suppression hearing does not materially negate the credibility of his testimony in and of itself. Moreover, it is certainly possible that in 1990, when called to 13 Old Salem Path, Palazzola mistakenly checked out the Tibolt residence at 11 Old Salem Path just as he did in 1992. Thus, the newly discovered evidence is not dispositive as to the issue of Palazzola's credibility.

■ Tibolt also proffers an affidavit by Officer Theodore J. Lemieux—submitted in an unrelated application for a search warrant made after the suppression hearing in this case—which states that a confidential informant "provided information that led to the arrest and indictment of one William Tibolt.... [and that] Tibolt has been indicted and has charges pending in both state and federal court as a result of the information provided by the informant ..." Affidavit of Counsel at Ex. C. Tibolt reads this affidavit as proving that the stated grounds for the initial search of his home were only a pretext for confirming the informant information already in possession of the Gloucester police, and that the application for a warrant to search the Tibolt residence was thus knowingly and intentionally false.

Once again, Tibolt reaches a speculative conclusion unsupported by a fair reading of the proffered evidence. The Lemieux affidavit does not state that the informant's information was directly responsible for the initial search of 11 Old Salem Path and the arrest of Tibolt. That the informant's information may have corroborated police suspicion of Tibolt's knowledge of and involvement with the fortuitously discovered marijuana growing operation and thus "led" to his arrest and indictment is just as plausible a reading as the one Tibolt advances. What is more, the government proffered at the suppression hearing the fact that Tibolt's home had been the subject of a local drug investigation before the search, and made available to Tibolt one of the officers involved in that investigation for questioning.[2]

■ Most importantly, however, even were Tibolt's new evidence so compelling as to warrant suppression of the fruits of the July 27, 1992 search of his 11 Old Salem Path home, it would not have affected the other evidence of Tibolt's involvement in drug activities presented at trial. In light of evidence of his past marijuana growing activities in Vermont and his involvement in the hashish deal which was the centerpiece of the trial, this Court does not find that, if suppression were ordered, an acquittal would "probably" result upon retrial. See Wright, 625 F.2d at 1019. A more relaxed standard is inapplicable because the erroneous testimony, if any, was not "deliberate," nor "at trial," and only affected the admissibility of

---

1. Two others are apparently initialed "J.P." as desk officer. It would be sheer speculation to conclude, however, that Palazzola was the dispatching officer on these occasions.

2. Tibolt argues finally that the search warrant application for his residence somehow shows mendacity because it originally listed his residence as 11–13 Old Salem Path and was then amended to show correctly 11 Salem Path as the house to be searched. This argument is without merit.

the marijuana growing operation evidence at 11 Old Salem Path. *See Natanel,* 938 F.2d at 313.

## CONCLUSION

The Court thus DENIES the defendant Tibolt's Motion for New Trial. SO ORDERED.